## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RAYMONDO REZENDES,<br>on his own behalf and<br>on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>LABOR READY NORTHEAST INC.<br><br>      Defendant. | Civil Action No. |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Raymondo Rezendes, by and through his undersigned counsel, files this Class and Collective Action Complaint for unpaid wages against the above-listed Defendant Labor Ready Northeast, Inc. ("Labor Ready").

### STATEMENT OF THE CASE

1.      Defendant Labor Ready employs or formerly employed the Plaintiff Raymondo Rezendes and those similarly situated as temporary manual laborers.

2.      Labor Ready has three locations in Maine (in Bangor, Lewiston and Portland) through which it employs manual labor for temporary placement with its customers all over Maine.

3.      Labor Ready implemented employment policies that caused Rezendes and those similarly situated to routinely work under the direct operational control of Labor Ready without pay for at least part of many days in which they worked for Labor Ready.

1

4. Labor Ready further implemented employment policies that caused Rezendes and those similarly situated to return a portion of their wages to Labor Ready, thereby reducing their wages and in many cases denying them overtime and/or causing them to work without pay.

5. Upon information and belief, all such employment policies, including those policies in violation of the FLSA and Maine state law, were identically implemented by the Defendant Labor Ready in each of their Maine locations.

6. Labor Ready violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Maine labor laws guaranteeing prompt payment of wages, ME. REV. STATE. TIT. 26, §§ 621-A *et seq.*, and n proper overtime wage, ME. REV. STATE. TIT. 26, §§ 661 *et seq.*

7. Labor Ready's violations of the FLSA, and Maine's wage laws were willful and deliberate.

8. Rezendes seeks compensation for Labor Ready's violations of the FLSA, and Maine's wage laws, on his own behalf and on behalf of all other similarly situated employees of Labor Ready.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Raymondo Rezendes is a resident of Cumberland County, Maine.

10. Rezendes was employed by the Defendant sporadically from 2008 through fall 2015. Rezendes' FLSA Consent to Sue is annexed hereto as Exhibit 1.

11. Defendant Labor Ready Northeast, Inc. is a registered Washington business corporation that does substantial business in Maine, with a business street address of 1015 A Street, Tacoma, WA 98402. Labor Ready Northeast, Inc. does business in Maine out of three locations with street addresses: (i) 63 Union Street, Bangor, Maine 04401; (ii) 220 Lisbon Street, Lewiston, Maine 04240; and (iii) 74 Elm Street, Portland, Maine 04101.

12.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

13.     Plaintiff requests that this Court exercise supplemental jurisdiction over their claims under the laws of Maine, pursuant to 28 U.S.C. § 1367.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiff occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

### FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

#### Labor Ready Employs Temporary Manual Labor.

15.     Labor Ready provides temporary manual labor to its customers through various locations throughout the country, including three locations in Maine.

16.     Labor Ready's customers include, among other entities, construction companies and retailers.

17.     Labor Ready employed Rezendes and those similarly situated, assigning them to its customers but otherwise controlling the time, place and manner of the work done by Rezendes and those similarly situated.

18.     Rezendes and those similarly situated received their pay from Labor Ready.

19.     Labor Ready withheld all appropriate employment taxes for Rezendes and those similarly situated.

#### Plaintiff Rezendes and those similarly situated were not paid for all time worked.

20.     Rezendes worked as a temporary manual laborer for Labor Ready at various times from approximately 2008 through fall 2015.

21.  Rezendes and those similarly situated were employed by Labor Ready for work at job sites all over Maine for customers of Labor Ready, doing manual labor including, but not limited to installing drywall, directing traffic, and paving roads.

22.  The pay received by Rezendes and those similarly situated changed depending on both the job and the Labor Ready customer to which they were assigned to by Labor Ready.

23.  Rezendes and those similarly situated would routinely work greater than forty (40) hours per week.

24.  In order to be assigned to a Labor Ready customer, in most cases Labor Ready required Rezendes and those similarly situated to physically come into their local Labor Ready office (in Rezendes' case, the Portland office at 74 Elm Street). There they would wait for a "job ticket" that would assign them to a job with one of Labor Ready's customers.

25.  For certain jobs, Labor Ready would require Rezendes and those similarly situated to physically come to their Labor Ready office to sign out equipment to use on a job, including personal protective equipment such as reflective gear, gloves, and safety glasses.

26.  After receiving a job ticket, in many instances Labor Ready required Rezendes and those similarly situated to wait at the Labor Ready office while Labor Ready arranged for rides for Rezendes and those similarly situated to their assigned job site.

27.  Further, in many instances Labor Ready required Rezendes to wait at their office after having received his job ticket while other workers who were also assigned to the same job ticket or Labor Ready customer to arrive.

28.  Rezendes and those similarly situated were routinely required to bear the cost of their travel to the job site after having been required to report to the Labor Ready office. This forced Rezendes and those similarly situated to return part of their wages to Labor Ready, and in

many weeks in which they worked over forty (40) hours, thereby deprived them of overtime pay to which they were entitled.

29. Rezendes himself was often required to pay for his rides to the job site. Upon information and belief many of those similarly situated were also required to pay for their rides to the job site.

30. Rezendes and those similarly situated were paid solely for their time working at their assigned job site and received no pay for the time they waited for a job ticket at the Labor Ready office, for the time they waited for a ride to the job site after having received a job ticket, or for the time they spent traveling from the Labor Ready office to the job site. Accordingly, Rezendes and those similarly situated were not paid for all time they worked for Labor Ready.

31. In certain weeks, Rezendes did not receive all overtime wages he was due both because of Labor Ready's failure to compensate Rezendes for all of his work time and Labor Ready's requirement that he return a portion of his wages to Labor Ready.

32. For example, in the week of September 27, 2014 through October 3, 2014, a week in which Rezendes was required to report to Labor Ready's office in Portland, ME to obtain his job ticket before first reporting to the job site, Rezendes worked forty (40) hours at the customer's site and was not compensated with any overtime pay for time he spent waiting for his job ticket at Labor Ready's office, or for time he spent at Labor Ready's office after having received his job ticket, or for the time he spent traveling to the job site. Further, Rezendes was denied overtime wages due because he forced to bear the cost of his travel from Labor Ready's office in Portland, ME to the job site. Upon information and belief, other Labor Ready employees similarly situated to Rezendes were similarly denied overtime.

33. Rezendes, through counsel, demanded all unpaid wages on his own behalf and on behalf of those similarly situated, as well as his own personal employment files by certified letter to the Defendant dated August 8, 2016, which was delivered on August 9, 2016.

34. Defendant Labor Ready failed to pay Rezendes and those similarly situated within eight days of the pay date for those payments and within eight days of receipt of demand.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

35. Rezendes asserts his Count I claim under the FLSA pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

36. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the "216(b) Class" as follows:

> ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES OF LABOR READY WHO WERE NOT PAID ALL OVERTIME WAGES DUE

37. All potential FLSA class members are similarly situated because, among other things, they were all employees of Defendant and, all suffered from the same policies of Defendant, including the Defendant's failure to pay overtime.

## RULE 23 CLASS ACTION ALLEGATIONS

38. The named Plaintiff Rezendes asserts his Counts II-VII claims as a Fed. R. Civ. P. 23 class action on his own behalf and on behalf of a class for which Rezendes seeks certification.

39. Pending any modifications necessitated by discovery, the named Plaintiff Rezendes preliminarily defines the following classes:

> **Unlawful Return Class:** ALL CURRENT AND FORMER EMPLOYEES OF THE DEFENDANT THAT WERE IMPROPERLY REQUIRED TO RETURN PART OF THEIR WAGES TO THE DEFENDANT.

| | |
|---|---|
| **Unlawful Return Overtime Subclass:** | ALL CURRENT AND FORMER EMPLOYEES OF THE DEFENDANT THAT WERE IMPROPERLY REQUIRED TO RETURN PART OF THEIR WAGES TO THE DEFENDANT AND WERE THEREFORE NOT PAID OVERTIME AT THE PROPER OVERTIME RATE FOR ALL TIME WORKED IN EXCESS OF 40 HOURS |
| **Wait Time Class** | ALL CURRENT AND FORMER EMPLOYEES OF THE DEFENDANT THAT WERE NOT PAID FOR ALL TIME WORKED FOR THE DEFENDANT. |
| **Wait Time Overtime Subclass:** | ALL CURRENT AND FORMER EMPLOYEES OF THE DEFENDANT THAT WERE NOT PAID FOR ALL TIME WORKED FOR THE DEFENDANT AND WERE THEREFORE NOT PAID AT THE PROPER OVERTIME RATE FOR ALL TIME WORKED IN EXCESS OF 40 HOURS. |

40. Upon information and belief, the Defendant did not pay the putative classes members all wages due.

41. The putative classes are so numerous that joinder of all potential class members is impracticable. Rezendes does not know the exact size of each of the classes since that information is within the control of Labor Ready

42. Based on Rezendes' perception of the average turnover rate of employees and the duration of Labor Ready's business, the named Plaintiff Rezendes estimates that the putative classes are each made up of dozens of current and former employees of Labor Ready. The exact size of the class will be ascertainable from Labor Ready's records.

43. There are questions of law or fact common to the classes which predominate over any individual issues that might exist. Common questions of law and fact include: whether Labor Ready properly paid their non-exempt employees all overtime wages due; whether Labor Ready properly paid their employees for all hours worked; and whether Labor Ready improperly required employees to return part of their wages to Labor Ready.

44. The class claims asserted by the Rezendes are typical of the claims of all of the potential class members. This is an uncomplicated case of unpaid wages that should be mathematically ascertainable from business records. The class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

45. The named Plaintiff Rezendes will fairly and adequately protect and represent the interests of each class. He was both an employee of Labor Ready and was a victim of the same violations of law as other class members, i.e., the failure to pay appropriate wages.

46. The named Plaintiff Rezendes is represented by counsel experienced in wage and hour litigation.

47. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant.

48. Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

49. Rezendes is unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

50. Rezendes is unaware of any pending litigation commenced by members of any of the classes concerning the instant controversy.

51. It is desirable to concentrate this litigation in one forum.

52. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

53. The contours of the classes will be easily defined by reference to payroll documents and hourly records the Defendant was required to have kept.

54. Defendants were legally required to create and maintain, pursuant to FLSA and its regulations, including 29 C.F.R. § 516.2 along with analogous law in Maine, detailed payroll records. Notice will be easily distributed as all members of the putative classes are or were recently employed by Labor Ready, who was required to create and maintain records containing the mailing addresses of each such class member.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 28 U.S.C. §§ 201 ET SEQ

55. The Plaintiff incorporates all previous paragraphs.

56. Rezendes brings this claim on his own behalf and on behalf of the 216(b) Class.

57. During all times relevant to this action, the named Plaintiff and others similarly situated were employed by the Defendant as defined by 29 U.S.C. § 203(g).

58. The Defendant, in violation of Maine law, improperly required the named Plaintiff and those similarly situated to return part of their wages to Defendant, and thereby in many weeks deprived the named Plaintiff and those similarly situated of overtime wages due.

59. Further, the Defendant often required the named Plaintiff and those similarly situated to report to their local Labor Ready office prior to reporting to a job site for work, but

9

failed to pay them for either any time prior before they reported to the job site or any expenses associated with traveling from the Labor Ready office to the job site.

60. The Defendant failed to pay Rezendes and those similarly situated for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

61. During all times relevant to this action, Rezendes and others were employed by the Defendant in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

62. During all times relevant to this action, Rezendes and others were employed by the Defendant for handling and otherwise working on goods or materials that had been moved in or were produced for interstate commerce.

63. The Defendant had annual gross revenues in excess of $500,000 and employed two or more persons, including the named Plaintiff, who handled and worked on materials which had been moved in interstate commerce and/or were being prepared for movement in interstate commerce.

64. The Defendant failed to pay Rezendes and those similarly situated at the proper overtime rate for all hours worked in excess of forty (40) in a given week, as is required by the FLSA.

65. The Plaintiff and those similarly situated are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II:
### BREACH OF MAINE WAGE PAYMENT LAW

66. Plaintiff incorporates all previous paragraphs.

67. Rezendes brings this claim on his own behalf and on behalf of the Unlawful Return Class and the Wait Time Class.

68. The Defendant employed Rezendes and the Unlawful Return Class and the Wait Time Class to work as temporary laborers all over Maine.

69. The Defendant, in violation of 26 M.R.S. § 629, required Rezendes and the Unlawful Return Class to return part of their wages to Defendant.

70. The Defendant, in violation of 26 M.R.S. § 629, required Rezendes and the Wait Time Class to work without compensation by failing to pay for all time worked.

71. Accordingly, the Defendant failed to pay Rezendes and the Unlawful Return Class and the Wait Time Class all wages due on payday pursuant to the employment agreement that incorporated by law all applicable state and federal wage laws.

72. Therefore Rezendes and the Unlawful Return Class and the Wait Time Class' wages were not paid in full pursuant to 26 M.R.S. § 621-A.

73. Rezendes demanded payment of the late wages on his own behalf and on behalf of the Unlawful Return Class and the Wait Time Class in compliance with 26 M.R.S.A. §§ 626 and 626-A.

74. The Defendant failed to pay within eight days, and is liable pursuant to 26 M.R.S.A. § 626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys' fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

### COUNT III:
### BREACH OF MAINE UNFAIR AGREEMENT LAW

75. The Plaintiff incorporates all previous paragraphs.

76. Rezendes brings this claim on his own behalf and on behalf of the Unlawful Return Class.

77. The Defendant employed Rezendes and the Unlawful Return Class under 26 M.R.S. § 663 as temporary laborers in Maine.

78. The Defendant, in violation of 26 M.R.S. § 629, required Rezendes and the Unlawful Return Class to return part of their wages to Defendant.

79. Accordingly, Defendant Labor Ready is liable to Rezendes and the Unlawful Return Class for all wages returned by them to Labor Ready in violation of 26 M.R.S. § 629.

## COUNT IV:
## BREACH OF MAINE WAGE LAW

80. The Plaintiff incorporates all previous paragraphs.

81. Rezendes brings this claim on his own behalf and on behalf of the Unlawful Return Overtime Subclass.

82. The Defendants employed Mr. Egeland and the Unlawful Return Overtime Subclass under 26 M.R.S. § 663 as temporary laborers in Maine.

83. The Defendant, in violation of 26 M.R.S. § 629, required Rezendes and the Unlawful Return Overtime Subclass to return part of their wages to Defendant.

84. In many weeks, the Defendant Labor Ready's requirement that Rezendes and the Unlawful Return Overtime Subclass return part of their wages caused them to not be paid at the proper overtime rate for all time worked in excess of forty (40) hours.

85. Therefore, the Defendant Labor Ready failed to pay Rezendes and the Unlawful Return Overtime Subclass at the proper overtime rate for all time worked in excess of forty (40) hours in violation of 26 M.R.S. § 664.

86. Accordingly, under 26 M.R.S. § 670 the Defendant Labor Ready is liable to Rezendes and the Unlawful Return Overtime Subclass for unpaid wages adjudged to be due, an

amount equal to such wages as liquidated damages, and costs of suit including a reasonable attorney's fee.

## COUNT V:
## BREACH OF MAINE WAGE LAW

87. The Plaintiff incorporates all previous paragraphs.

88. Rezendes brings this claim on his own behalf and on behalf of the Wait Time Class.

89. The Defendants employed Rezendes and the Wait Time Class under 26 M.R.S. § 663 as temporary laborers in Maine.

90. The Defendant, in violation of 26 M.R.S. § 629, required Rezendes and the Wait Time Class to work without compensation by failing to pay for all time worked.

91. Rezendes demanded payment of the unpaid wages on his own behalf and on behalf of the Wait Time Class in compliance with 26 M.R.S.A. §§ 626 and 626-A. The Defendant did not pay within eight days.

92. Accordingly, Defendant Labor Ready is liable to Rezendes and the Wait Time Class for all unpaid wages, a reasonable rate of interest, costs of suit including a reasonable attorney's fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT VI:
## BREACH OF MAINE WAGE LAW

93. The Plaintiff incorporates all previous paragraphs.

94. Rezendes brings this claim on his own behalf and on behalf of the Wait Time Overtime Subclass.

95. The Defendants employed Rezendes and the Wait Time Overtime Subclass under 26 M.R.S. § 663 as temporary laborers in Maine.

96. In many weeks, the Defendant Labor Ready's failure to pay Rezendes and the Wait Time Overtime Subclass for all of their working time caused them to not be paid at the proper overtime rate for all time worked in excess of forty (40) hours.

97. Therefore, the Defendant Labor Ready failed to pay Rezendes and the Wait Time Overtime Subclass at the proper overtime rate for all time worked in excess of forty (40) hours in violation of 26 M.R.S. § 664.

98. Accordingly, under 26 M.R.S. § 670, Defendant Labor Ready is liable to Rezendes and the Wait Time Overtime Subclass for unpaid wages adjudged to be due, an amount equal to such wages as liquidated damages, and costs of suit including a reasonable attorney's fee.

**COUNT VII:**
**BREACH OF CONTRACT OR UNJUST ENRICHMENT/QUASICONTRACT**
**AS TO ALL DEFENDANTS**

99. The Plaintiff incorporates all previous paragraphs.

100. Rezendes brings this claim on his behalf and on behalf of the Unlawful Return Class and the Wait Time Class.

101. The Defendant entered into an employment agreement with the Rezendes and the Unlawful Return Class and the Wait Time Class.

102. All such agreements between the Defendant on the one hand and Rezendes and the Unlawful Return Class and the Wait Time Class on the other incorporated all applicable state and federal laws including those requiring payment of an overtime wage and payment for all hours worked.

103. The Defendant breached these agreements by failing to pay Rezendes and the Unlawful Return Class and the Wait Time Class at the proper overtime rate for all hours worked in excess of forty (40) and for all hours worked

104. The Defendant owes damages in law and equity, or alternatively must be disgorged from its ill-gotten gains.

## DEMAND FOR JURY TRIAL

Rezendes demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Rezendes respectfully requests that this Court enter an order or orders:

a. Certifying an opt-in class under the FLSA, 29 U.S.C. §§ 201 et seq.;

b. Providing appropriate notice of this suit and the opportunity to opt into it be to all potential members of the 216(b) Class;

c. Awarding Rezendes and the 216(b) Class damages and liquidated damages under 29 U.S.C. §§ 206, 207, 216;

d. Awarding Rezendes and the 216(b) Class costs and attorneys' fees under 29 U.S.C. § 216(b);

e. Awarding Rezendes and the 216(b) Class pre- and post-judgment interest as permitted by law;

f. Awarding Rezendes and the 216(b) Class punitive damages;

g. Awarding Rezendes and the Unlawful Return Class and the Wait Time Class damages, liquidated damages, costs and attorneys' fees under 26 M.R.S. § 626-A;

h. Awarding Rezendes and the Unlawful Return Class penalties under 26 M.R.S. § 629;

      i.      Awarding Rezendes and the Unlawful Return Overtime Subclass damages, liquidated damages, costs and attorneys' fees under 26 M.R.S. § 670;

      j.      Awarding Rezendes and the Wait Time Class damages, liquidated damages, costs and attorneys' fees under 26 M.R.S. § 626-A;

      k.      Awarding Rezendes and the Wait Time Overtime Subclass damages, liquidated damages, costs and attorneys' fees under 26 M.R.S. § 670;

      l.      Awarding Rezendes and the Unlawful Return Class and the Wait Time Class punitive damages;

      m.      Awarding Rezendes and the Unlawful Return and Wait Time Classes damages for the breach of contract or unjust enrichment; and

      n.      Granting such other relief as this Court deems just and proper.

Dated: September 27, 2016

      Respectfully Submitted,

/s/Andrew Schmidt
Andrew Schmidt, Esq.
Peter Mancuso, Esq

Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101

*Attorneys for the Plaintiff*